IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTHUR-RALPH: THOMPSON, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 06-29 Erie |
| ) | |
| DEPARTMENT OF TREASURY ) | Judge Cohill |
| INTERNAL REVENUE SERVICE, ) | |
| AND UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Defendants ) | |
| ) | |

## OPINION AND ORDER

Pending before this Court is the Motion to Dismiss filed by Defendants Department of Treasury, Internal Revenue Service and United States of America (Doc. #2) and Plaintiff's Motion for Extension of Time to File Reply to Motion (Doc. #5). For the reasons set forth below, Defendants' motion to dismiss is granted and Plaintiff's Motion for Extension of Time to File Reply to Motion is denied.

Defendants raise several arguments in support of their motion to dismiss. While the Plaintiff has not yet filed a response to the Defendants' motion to dismiss, and instead has filed a motion for extension of time to file a reply to the motion, we conclude that it is in the interest of justice to address two of the Defendants' arguments by this Opinion and Order.

**I. Defendants Department of Treasury and Internal Revenue Service.**

One of the Defendants' arguments in their Motion to Dismiss is that this Court lacks personal jurisdiction over the Department of the Treasury and the Internal Revenue Service because both are agencies which cannot be sued and therefore, they must be dismissed as parties

to this lawsuit. Defendants' Memorandum in Support of Defendants' Motion to Dismiss, p. 3.

We agree. As explained by the court in Devries v. Internal Revenue Service, 359 F. Supp.2d 988 (E.D. Ca. 2005):

> the IRS and the Treasury Department, are federal agencies within the United States Government. Federal agencies may not be sued in their own name except to the extent Congress may specifically allow such suits. Congress has made no provisions for suits against either the IRS or the Treasury Department, so these agencies are not proper entities for suit. Where taxpayers are authorized to sue on matters arising out of IRS actions, the United States is the proper party defendant.

Id. at 991-92 (internal citations omitted). See also Castleberry v. Alcohol, Tobacco and Firearms Division of the Treasury Department of the United States, et al., 530 F.2d 672, 673 n. 3 (5th Cir. 1976) ("This entity [The Bureau of Alcohol, Tobacco and Firearms of the Treasury Department] is not suable, since the Congress has not constituted the Treasury Department or any of its divisions or bureaus as a body corporate and has not authorized either or any of them to be sued eo nominee"). Accordingly, Defendants' motion to dismiss Defendants Department of Treasury and Internal Revenue Service as parties to this action is granted.

## II. Defendant United States of America.

Another argument raised by the Defendants in their motion to dismiss is that Plaintiff has not properly served Defendant United States of America. Plaintiff does not dispute this argument. To the contrary, in his motion for an extension of time to file a reply to the Defendants' motion to dismiss, Plaintiff requested ninety days "to satisfy certain technical requirements, that have been raised in these pleadings."

Fed.R.Civ.P. 4(m) is entitled "Time Limit for Service" and provides in pertinent part:

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as

to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Id. Plaintiff has not shown good cause for his failure to properly serve the United States. Accordingly, we deny Plaintiff's Motion for an extension of time to file a reply to the Defendants' motion to dismiss and grant Defendant's motion to dismiss this action against Defendant United States based upon Plaintiff's failure to properly serve Defendant United States of America. Said dismissal of the Complaint against Defendant United States of America, however, is without prejudice.

An appropriate Order follows:

## ORDER

AND NOW, this 1st day of June, 2006, it is HEREBY ORDERED, ADJUDGED AND DECREED that Defendant's Motion to Dismiss (Doc. #2) is GRANTED WITH PREJUDICE as to Defendants Internal Revenue Service and Department of Treasury and is GRANTED WITHOUT PREJUDICE as to Defendant United States of America.

It is further HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion for Extension of Time to File Reply to Motion (Doc. #5) is DENIED.

*Maurice B. Cohill, Jr.*
Judge Maurice B. Cohill, Jr.
Senior District Court Judge